**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHN F. FRIEDLANDER, | No. 13-70918 |
| Petitioner, | |
| v. | ORDER* |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

Application to File Second or Successive
Petition Under 28 U.S.C. § 2255

Submitted October 8, 2013**
Seattle, Washington

Before: TASHIMA, GRABER, and MURGUIA, Circuit Judges.

John Friedlander was charged as an adult in federal district court for a

murder committed when he was sixteen. On January 20, 1988, he pleaded guilty to

Second Degree Murder in violation of 18 U.S.C. § 1111(a), and Assault with Intent

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously finds this motion suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2)(C).

-1-

to Commit Murder in violation of 18 U.S.C. § 113(a). He was sentenced to life in prison for the murder charge, and a concurrent term of twenty years for the assault charge. In 1992, the district court denied his first *pro se* motion under 28 U.S.C. § 2255. Friedlander has now filed an application for leave to file a second or successive motion under § 2255. We have jurisdiction under 28 U.S.C. § 2255(h).

We may authorize the filing of a second or successive motion under § 2255 if, among other things, the application makes a prima facie showing that the motion would "contain . . . a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255; 28 U.S.C. § 2244(b)(C). Friedlander contends that his sentence is contrary to *Miller v. Alabama*, 132 S. Ct. 2455 (2012), which held that a mandatory sentence of life without the possibility of parole for a juvenile homicide offender violates the Eighth Amendment. We need not decide whether *Miller* announced a new, retroactive rule of constitutional law because, even if it did, Friedlander's application would fail.

*Miller* is inapplicable because Friedlander was not sentenced to life without parole. Friedlander admits that he "has seen the parole board approximately 8 time[s] . . . and [has] a forth coming [sic] hearing in February of 2014."

The application to file a second or successive motion under § 2255 is

**DENIED.**